IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO NICHOLAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.: 06 C 255 |
| LT. EDWARDS, LT. MICHELLE, SGT. ) | |
| BALDWIN, C/O STREATER, C/O ) | Suzanne B. Conlon, Judge |
| SWINGLETON, C/O EVANS, C/O MASSEY, ) | |
| C/O WEARY, C/O TAYLOR, C/O FOX, LT. ) | |
| IYIOLA, SGT. GRANT, C/O HOLSIN, K. ) | |
| BRILEY, LEVAR HOLSTON, AND JAVA ) | |
| SWINGTON, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Antonio Nicholas filed a civil rights complaint against corrections personnel at Stateville Penitentiary because he was housed in a cold cell. As a consequence, Nicholas alleges his Eighth Amendment right to be free of cruel and unusual punishment and his due process rights were violated. Defendant Kenneth Briley, the Warden of Stateville, moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## **FACTS**

The facts are drawn from Nicholas' complaint and exhibits. On January 15, 2004, prison officials transferred Nicholas to the Stateville segregation unit. Nicholas noticed his new cell was cold and that plastic covered the window. He alerted the corrections officer who transferred him, but the officer only offered him more plastic for the window and extra blankets. Ice formed around the window and on the walls of Nicholas' cell. Nicholas continued complaining to

corrections officers, but his situation did not change. He unsuccessfully pursued a formal grievance. He told at least eleven officers that his cell was cold; several offered Nicholas more plastic for the window or more blankets. Officer Taylor told Nicholas "that he wasn't going to lie to [Nicholas], they all know about [Nicholas'] condition and this is part of [Nicholas'] punishment and as far as he was concerned [Nicholas] can die in that cold cell." Complaint ¶ 31. Nicholas was transferred to a different cell in the segregation unit on March 8, 2004. The new cell was not cold.

## ANALYSIS

In evaluating Briley's motion to dismiss, the facts alleged by Nicholas are taken as true and all reasonable inferences are drawn in his favor. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). A *pro se* complaint must be liberally construed. *Id.* The motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Nicholas alleges the prison's inadequate response to his formal grievance deprived him of his due process rights. However, the right to a prison grievance procedure is a procedural right – not a substantive one – and is not constitutionally protected. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Whitfield v. IDOC*, No. 02 C 50387, 2004 WL 1803350, at *3 (N.D. Ill. Aug. 5, 2004) (Reinhard, J.). Therefore, § 1983 liability cannot be predicated on the grievance procedure. *Antonelli*, 81 F.3d at 1430; *Whitfield*, 2004 WL 1803350, at *3. Nicholas' due process claim against Briley must be dismissed.

Nicholas alleges that exposure to cold temperatures from January 15, 2004 to March 8, 2004 violated his Eighth Amendment right to be free from cruel and unusual punishment. Exposure to cold temperatures alone may constitute an Eighth Amendment violation. *See, e.g., Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997). To prevail, Nicholas must show he was denied adequate shelter and that prison officials were deliberately indifferent to his needs. *Id.* at 644. Prison officials are deliberately indifferent when they knowingly fail to mitigate a condition that poses an excessive risk of harm to prison inmates. *Id.* at 645. It is possible that Nicholas could prove the temperature in his cell posed an excessive risk of harm. Furthermore, Nicholas alleges that guards told him the cold cell was part of his punishment. It may be reasonable to infer Warden Briley knew that Nicholas was exposed to cold temperatures as part of his punishment, and did nothing to correct that condition. Therefore, the motion to dismiss the Eighth Amendment claim against Briley must be denied.

Briley argues he is entitled to qualified immunity. Prison officials are shielded by qualified immunity for actions within the scope of their employment unless their conduct violates a known and clearly established constitutional right. *Board v. Farnham*, 394 F.3d 469, 476 (7th Cir. 2005). Nicholas need not establish that the conduct specifically in issue was previously held unconstitutional in order to demonstrate that a right is clearly established. *Id.* at 477. But exposure to cold alone may violate a prisoner's Eighth Amendment rights. *See, e.g., Dixon*, 114 F.3d at 643. In fact, the Seventh Circuit reversed a grant of summary judgment for Stateville officials in a § 1983 action based on cold temperatures in the segregation wing. *Id.* at 645. Nicholas may be able to establish that Briley knew he was subject to cold temperatures in

violation of clearly established Eighth Amendment rights. Briley is not entitled to qualified immunity.

## CONCLUSION

The motion to dismiss is granted in part. The due process claim against Warden Briley is dismissed. The motion is denied with respect to the Eighth Amendment claim.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

May 30, 2006

May 30, 2006

4